

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 15, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-172

Re: The legality of paying
tax refunds on motor fuel
to the Civil Air Patrol.

Dear Mr. Calvert:

You request an opinion of this office as to the legality of paying motor fuel tax refunds to the Austin Squadron of the Civil Air Patrol under certain conditions which are set out below.

Your letter of May 13, 1957, containing your request for an opinion, together with the enclosed letter of Dewitt C. Nogues, Commander of the local Civil Air Patrol Squadron, dated April 22, 1957, and addressed to your office, indicate the following information.

The local squadron is a part of the Civil Air Patrol, a volunteer civilian organization chartered by Congress (the Civil Air Patrol is established as a volunteer civilian auxiliary of the United States Air Force under the provisions of Section 626-L, Title 5, and Section 201, Title 36, U.S.C.).

You indicate that there are four classifications of missions which are flown by the Patrol which you describe as indicated below:

"1. At times the Austin Squadron performs observation missions for the Civilian Defense Ground Corps, for which missions the pilots or plane owners are usually reimbursed by the Federal Government for the cost of the gasoline and oil used.

"2. The Squadron operates orientation flights over the area assigned to it as a training program for its cadets.

"3. It makes miscellaneous flights to transport sick and injured persons, to transport blood plasmas and serums, and to cooperate with Sheriff's departments and State Highway Patrols in searching for lost or drowned persons and lost airplanes.

"4. Each of the members of and volunteers to the Squadron make personal trips in their privately-owned planes but the Civil Air Patrol regard these personal business or pleasure trips as also constituting official activities of the Patrol since each member of the Squadron is required to perform a minimum flying operation each month to keep in training and practice for the duties directed by the Civil Air Patrol."

On Air Force ordered search and rescue missions and on civil defense Ground Observer Corps missions, under orders from higher headquarters, the pilot is usually reimbursed from Federal funds for gasoline and oil purchased and used. There is no reimbursement for gasoline and oil used on any other flights of this Civil Air Patrol. On no flights do Civil Air Patrol personnel receive pay or per diem from any source.

The Austin Squadron of the Civil Air Patrol is composed of thirty-six members, each of whom owns an airplane which is used to fly the missions of the Civil Air Patrol. The squadron also maintains two airplanes of its own which were donated by the Air Force, and which are used to accomplish the purposes of the Civil Air Patrol.

In addition to the flights flown by Patrol members, other local airplane owners, not members of the Civil Air Patrol, are called upon and volunteer their services and airplanes in accomplishing some of the missions of the Civil Air Patrol, particularly emergency missions.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The question you pose in your request for an opinion is substantially this: "To whom may the tax on motor fuel (purchased in the name of the Civil Air Patrol and used on Patrol flights) be legally refunded under the terms of Article 7065b-13, Vernon's Civil Statutes, which article provides in part for the refund of the motor fuel tax on fuel used in airplanes. Since the tax on gasoline used in airplanes is refundable under Art. 7065b-13, the question resolves itself into whether the tax on motor fuel used on Civil Air Patrol flights should be

refunded to the Patrol or to the airplane owners who fly the particular Patrol missions.

To justify the refund of all the taxes to the Patrol, it is necessary to find that the Patrol is the purchaser of the gasoline and therefore entitled to the refund. Texas Company v. Miller, 165 Fed. 2d 111, cert. den. 333 U.S. 880.

When Civil Air Patrol missions are flown, the gas, of course, is being used for Patrol purposes, and hence, it would follow that the Patrol is the user and, in effect, the purchaser of the motor fuel consumed. The flier, who purchases gasoline in the name of the Civil Air Patrol for Patrol missions is, accordingly, merely the agent for the Patrol.

Therefore, the tax on motor fuel which has been purchased in the name of the Civil Air Patrol can be refunded legally to the Patrol without violating subsection (1) of Article 7065b-13, which forbids the assignment of the right to receive a tax refund, in the following instances:

1. Where motor fuel is purchased in the name of the Civil Air Patrol to operate the two airplanes which are assigned to the Austin squadron.

2. Where motor fuel is purchased in the name of the Civil Air Patrol by members of the Patrol to fly any of the missions assigned to the Patrol, including training flights to maintain proficiency, even though the flight may also be for business or personal reasons of the Patrol member making the flight.

3. Where motor fuel is purchased in the name of the Civil Air Patrol by non-members who have volunteered their services, which services are accepted by the Patrol, and who fly any of the first three missions set out above. However, non-members cannot make purchases of motor fuel in the name of the Civil Air Patrol for training flights as prescribed by the fourth mission set out above so that the Patrol can receive the tax refund, since they are not members of the Patrol and have no duty to maintain proficiency by making training flights. Thus, the Civil Air Patrol cannot receive tax refunds for any private, personal or business trips of non-member fliers even though these flights would have a tendency to increase the proficiency of the fliers in the event they are called upon at a subsequent date to fly other types of missions under the authority of the Patrol.

## SUMMARY

The tax on motor fuel purchased in the name of the Civil Air Patrol by its members and by non-members flying Patrol missions can be refunded to the Civil Air Patrol, <u>except</u> the tax paid by non-members cannot be so refunded where the non-member makes a personal or business trip.

Very truly yours,

WILL WILSON
Attorney General

By
Lonny F. Zwiener
Assistant

LFZ:bk

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Wallace P. Finfrock

Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Geo. P. Blackburn